(August 20, 1992)

▮ CHARLES O. HOYT, Appellant, v DANIEL P. KINGSFORD, Respondent and Third-Party Plaintiff-Respondent. SCOTT HOYT, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered December 27, 1990, as resettled by the order entered May 3, 1991, which denied, *inter alia,* plaintiff's motion for summary judgment and third-party defendant's motion to dismiss the third-party complaint, unanimously modified, on the law, to dismiss the third-party complaint in its entirety, and all affirmative defenses and counterclaims in defendant's answer except the first affirmative defense and counterclaim, and otherwise affirmed, without costs. The clerk is directed to enter judgment accordingly.

This is an action for breach of contract. Plaintiff Charles Hoyt and defendant Daniel Kingsford entered into a Purchase Agreement whereby Charles Hoyt guaranteed a bank loan in the sum of $237,500 for his son Scott Hoyt. The loan was to enable Scott Hoyt to purchase an interest in West 11th Street

Partners, a limited partnership in which defendant Kingsford was the general partner. The partnership was formed to convert the property to cooperative ownership, an endeavor which was unsuccessful. At the same time that plaintiff and defendant entered into the Purchase Agreement, defendant and Scott Hoyt agreed that Scott Hoyt could lease two units in the ten unit building. When the building was not converted to cooperative ownership, plaintiff sought the payment of his $250,000, as provided under the terms of the Purchase Agreement. Defendant failed to pay, claiming that the return of the apartments leased to Scott Hoyt was a part of the Agreement.

We agree with the IAS Court that there is at least a latent ambiguity in the phrase "all or a part of his right, title and interest," in that, when the Purchase Agreement and the Agreement between plaintiff and third-party defendant are read together, the phrase can be reasonably interpreted to include the leases and right to possession of the two apartments leased by third-party defendant.

However, the third-party complaint should have been dismissed since defendant is not charged with vicarious liability, but with actually causing the damage arising from the breach of contract (Dormitory Auth. v Caudill Rowlett Scott, 160 AD2d 179, 181 [1990], lv denied 76 NY2d 706 [1990]). Punitive damages, sought in the third-party action, are not available for breach of contract, even where the breach is willful and without justification (Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358 [1976]). Only defendant's first affirmative defense and counterclaim, alleging that plaintiff and his son breached the contract, should have survived the motion to dismiss. Concur —Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.