■ JOSEPH J. MORANO, Appellant-Respondent, v ORAL RESEARCH LABORATORIES, INC., Respondent-Appellant, and TRUMAN L. SUSMAN et al., Respondents. [594 NYS2d 260] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about October 25, 1991 which *inter alia,* dismissed the complaint against the individual defendants and dismissed plaintiff's claims for punitive damages and mental stress and denied plaintiff's cross-motion for summary judgment against all defendants on the issue of liability, unanimously affirmed, without costs.

Plaintiff, a consultant broker, was retained by defendant Oral Research Laboratories (Oral), a closely held corporation, to promote the sale of its mouthwash product called Plax. Plaintiff's compensation was to be determined pursuant to a formula necessitating the valuation of defendant company's stock on a certain date, the value to be determined by the Directors in good faith.

Plaintiff alleges that the Directors failed to value the stock fairly and honestly, as evidenced, in part, by the Directors' sale of their stock one year later at a substantially higher price than the value they placed upon it when determining plaintiff's compensation. However, inasmuch as the Directors had also sold a substantial number of their shares, proximate in time and price to the date they valued the shares, to determine plaintiff's compensation, issues of fact as to the Directors' good faith exist, thus warranting denial of plaintiff's motion for summary judgment.

The IAS Court properly granted the individual defendants' motion to dismiss the complaint against them for breach of fiduciary duty as they owed no such duty to plaintiff under the stock appreciation agreement of August 1987. *(See, O'Connor & Assocs. v Dean Witter Reynolds,* 529 F Supp 1179, 1184-1185 [SD NY]; *see also,* 15 NY Jur 2d, Business Relationships, § 1023.)

The IAS Court also correctly determined that punitive damages cannot be granted for failure to perform the obligations of a private agreement, even if the failure to perform was purposeful and in bad faith *(Philips v Republic Ins. Co.,* 108 AD2d 845, *affd* 65 NY2d 1000).

We have considered the parties' remaining contentions and

find them to be without merit as material factual issues exist concerning the appropriate date for the evaluation of the stock appreciation right and the fairness of that evaluation. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.