■ HERBERT B.L. SILVERMAN, Respondent-Appellant, v 145 TENANTS CORP., Appellant-Respondent, and IBOLYA KORODY, Respondent. [670 NYS2d 434] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about October 10, 1996, which, *inter alia*, denied plaintiff's cross motion for partial summary judgment and granted defendant-appellant's cross motion for summary judgment dismissing the amended and supplemental complaint only to the extent of limiting its liability to any damages incurred in 1989 and 1992, unanimously modified, on the law, and defendant-appellant's cross motion for summary judgment dismissing the amended and supplemental complaint is granted in all respects and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the amended and supplemental complaint as against it.

This is an action by a tenant-shareholder against his residential cooperative arising from a series of ceiling leaks allegedly caused by the overflowing of his upstairs neighbor's bathtub. Plaintiff admitted in his deposition testimony that the complained-of leaks on March 15, 1989 and November 17, 1992 had not rendered his apartment uninhabitable, except for his fear of using a particular light switch later found not to be in need of repair, and further admitted that he has not experienced any leaks in his apartment since then. Therefore, his "fear and anxiety that another flood would occur while no one

was on hand to summon help" and his unsupported claim that his upstairs neighbor's sinks and bathtub have inadequate overflow drains are insufficient to establish his claim for injunctive or declaratory relief for an alleged breach of the statutory warranty of habitability or to defeat defendant cooperative's cross motion for summary judgment, which is supported by the unrefuted testimony of its employees that there is no defect in the building's plumbing that caused the leaks.

Plaintiff's claim for exemplary damages arising from defendant's allegedly unwarranted billings for attorney's fees should also have been dismissed since it arises from the performance of a private agreement (*see, Morano v Oral Research Labs.*, 191 AD2d 258; *Hoyt v Kingsford*, 185 AD2d 770) and does not involve "wrongdoing directed at the general public or egregious culpable conduct" (*The Limited v McCrory Corp.*, 169 AD2d 605, 608). Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.