■ 905 5TH ASSOCIATES, INC., et al., Appellants-Respondents, v 907 CORPORATION et al., Respondents, and MY HOME REMODELING, INC., Respondent-Appellant. [851 NYS2d 393]—

Order, Supreme Court, New York County (Faviola Soto, J.), entered July 13, 2006, which, to the extent appealed from, granted the cross motion of defendants 907 Corporation and Brown Harris Stevens Residential Management, LLC for summary judgment dismissing the complaint as against them, and granted the motion by the Weintraub defendants and the cross motion by defendant My Home Remodeling, Inc. (My Home) for summary judgment only to the extent of dismissing the seventh cause of action for punitive damages as against them, unanimously modified, on the law, the third and sixth causes of action dismissed as against My Home and, upon a search of the record, as against the Weintraub defendants, and otherwise affirmed, without costs.

In this action to recover alleged damages resulting from renovation work being performed, with the cooperative's approval,

by defendant contractor My Home for plaintiff Pamela Lipkin's upstairs neighbors, the Weintraub defendants, the case against the cooperative corporation and its residential managing agent was properly dismissed for lack of evidence that the cooperative committed any wrongful act leading to Dr. Lipkin's constructive eviction from her medical offices (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]). It is arguably the cooperative's duty, pursuant to the proprietary lease, to keep the concrete slab between Dr. Lipkin's offices and her upstairs neighbors in good repair unless the damage has been caused by a tenant (*cf. Hauptman v 222 E. 80th St. Corp.*, 100 Misc 2d 153, 154-155 [1979]). However, plaintiffs failed to present any evidence that the damage was in any way caused by the cooperative rather than by the Weintraubs and their contractor or by Dr. Lipkin herself, who had previously made renovations to her offices, including work on the same slab. Other than by speculation, plaintiffs failed to demonstrate that the cooperative controlled the means and methods of the work or that it was negligent in its approval of the renovation plan in the first place. Plaintiffs' reliance on a notice of violation issued against the cooperative as evidence of its negligence is unavailing, as the notice does not allege any affirmative acts of negligence by the cooperative. Moreover, without any evidence of negligence on its part, the cooperative is shielded from liability pursuant to language in the parties' proprietary lease specifically providing that the cooperative "shall not be liable for . . . injury or damage to person or property caused by . . . another tenant . . . unless caused by the negligence of the [cooperative]." Furthermore, to the extent that plaintiffs claim the cooperative acted unreasonably in addressing Dr. Lipkin's complaints and determining that there was nothing more it was required to do with respect to those complaints, they present no evidence in support of such contention. Thus, any decision made by the cooperative and its managing agent with regard to such complaints, which the record reflects were primarily handled by plaintiffs' attorney and representatives of the Weintraubs and My Home, would be insulated from further judicial review (*see generally Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]).

My Home's cross motion for summary judgment was properly denied; plaintiffs' expert affidavits raised issues of fact as to whether the work the contractor performed proximately caused debris and dust to infiltrate Dr. Lipkin's office, and whether the protective measures it recommended but Dr. Lipkin allegedly rejected would have been effective. Furthermore, an issue of fact exists as to whether My Home agreed to indemnify the

Weintraub defendants for claims such as plaintiffs'; accordingly, that part of its cross motion seeking dismissal of the Weintraub defendants' cross claims was also properly denied. However, the court should have dismissed the third cause of action against the Weintraub defendants and My Home for constructive eviction, as that claim can only be brought against a landlord (*see Barash*, 26 NY2d at 82). Similarly, the sixth cause of action for tortious interference with Dr. Lipkin's leasehold rights should have been dismissed as against the Weintraub defendants and My Home, as that claim necessarily assumes liability on the part of the cooperative.

Finally, plaintiffs' claim for punitive damages was properly dismissed since the complaint does not allege egregious culpable conduct or wrongdoing aimed at the general public (*Silverman v 145 Tenants Corp.*, 248 AD2d 261, 262 [1998]). Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.