■ 7001 EAST 71ST STREET, LLC, Appellant, v MILLENNIUM HEALTH SERVICES et al., Respondents, et al., Defendants. MILLENNIUM HEALTH SERVICES et al., Third-Party Plaintiffs-Respondents, v LORI FALCO-GREENBERG, Third-Party Defendant-Appellant. [28 NYS3d 604]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 8, 2015, which, to the extent appealed from, denied plaintiff and third-party defendant's motion to dismiss the counterclaim and third-party claim of defendants/third-party plaintiffs Millennium Health Services, Millennium Pediatrics, and Jordan Meyers, M.D. (collectively, Millennium) for constructive eviction, unanimously reversed, on the law, without costs, the motion granted, and the counterclaim and third-party claim dismissed.

Millennium alleges that they were constructively evicted from the premises they sublet for use as a medical practice. To be an eviction, constructive or actual, there must be a wrongful act by the landlord which deprives the tenant of the beneficial enjoyment or actual possession of the demised premises (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]). However, the tenant must abandon the premises in order to claim a constructive eviction (*id.* at 83).

It is undisputed that respondents did not abandon the premises until the prime lease was terminated due to the extensive damage from Super Storm Sandy. Moreover, as subtenants, they had no landlord-tenant relationship with ap-

pellants, another necessary element to a constructive eviction claim (*see 905 5th Assoc., Inc. v 907 Corp.*, 47 AD3d 401, 403 [1st Dept 2008]).

We have considered Millennium's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.