Valentino U.S.A., Inc. v 693 Fifth Owner LLC (2022 NY Slip Op 01431)





Valentino U.S.A., Inc. v 693 Fifth Owner LLC


2022 NY Slip Op 01431


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 652605/20 Appeal No. 15467 Case No. 2021-01099 

[*1]Valentino U.S.A., Inc., Plaintiff-Appellant,
v
693 Fifth Owner LLC, Defendant-Respondent.


Newman Ferrara LLP, New York (Jarred I. Kassenoff of counsel), for appellant.
Cyruli Shanks & Zizmor LLP, New York (Robert J. Cyruli of counsel), for respondent.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered January 27, 2021, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
The motion court properly found that the complaint failed to state a claim under the lease or in equity. As an initial matter, the "narrow" doctrine of frustration of purpose is inapplicable here, where the purpose of the contract has not been completely thwarted (see Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265 [1st Dept 2004]). Contrary to plaintiff's contention, frustration of purpose is not implicated by temporary governmental restrictions on in-person operations, as the parties' respective duties were to pay rent in exchange for occupying the leased premises, and plaintiff acknowledged that it was open for curbside retail services as of June 4, 2020 and services by appointment as of June 22, 2020 (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42 [1st Dept 2020]).
The doctrine of impossibility is also inapplicable here. Impossibility "excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). Here, the pandemic, while continuing to be "disruptive for many businesses," did not render plaintiff's performance impossible, even if its ability to provide a luxury experience was rendered more difficult, because the leased premises were not destroyed (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]).
Additionally, the failure of consideration argument fails for the same reasons that the frustration of purpose and impossibility arguments fail (see Guthartz v City of New York, 84 AD2d 707, 708 [1st Dept 1981], appeal dismissed 57 NY2d 635 [1982]).
The motion court correctly dismissed plaintiff's claim for constructive eviction on the ground that plaintiff failed to plead adequate facts in support of the claim. There is no allegation in the complaint of any specific wrongful act by defendant that resulted in plaintiff's inability to use the leased premises. Indeed, the complaint alleges that the pandemic is to blame for plaintiff's temporary inability to operate. Plaintiff was able to open for curbside retail and by appointment without impediment, and plaintiff's notice to defendant of its intention to vacate the leased premises stated that plaintiff would remain in the premises until the end of the year, without reference to any act by
defendant that interfered with its use or enjoyment (see 7001 E. 71st St., LLC v Millennium Health Servs., 138 AD3d 573 [1st Dept 2016]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022