Gap, Inc. v 44-45 Broadway Leasing Co. LLC (2022 NY Slip Op 03980)

Gap, Inc. v 44-45 Broadway Leasing Co. LLC

2022 NY Slip Op 03980

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 652549/20 Appeal No. 16149 Case No. 2021-03261 

[*1]The Gap, Inc., et al., Plaintiffs-Appellants,
v
44-45 Broadway Leasing Co. LLC, Defendant-Respondent.

MoloLamken LLP, New York (Steven F. Molo of counsel), for appellants.
Rosenberg & Estis, PC, New York (Norman Flitt of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 3, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiffs' claims for declaratory relief and rescission of their leases or abatement of rent, and granted defendant summary judgment on liability on its counterclaims for breach of the leases, unanimously affirmed, with costs.
Plaintiffs, which leased retail space from defendant to operate their flagship clothing stores in Times Square through June and July 2032, contend that the Governor's shutdown order, effective March 22, 2020, and subsequent health measures required for reopening after June 22, 2020, terminated their leases as a matter of law (see Executive Orders [A. Cuomo] Nos. 202.8, 202.31, 202.35 [9 NYCRR 8.202.8, 8.202.31, 8.202.35]).
Plaintiffs' reliance on the doctrine of frustration of purpose is unavailing, as they were not "'completely deprived'" from using the premises as intended under their lease agreements (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021], quoting Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 43 [1st Dept 2020]; see also Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480 [1st Dept 2022] [frustration of purpose inapplicable "where the purpose of the contract has not been completely thwarted"]). Plaintiffs admittedly were allowed to provide curbside and in-store pickup on June 8, 2020, and to reopen at half capacity, with masking and social distancing, on June 22, 2020. Moreover, they represent that they were allowed to reopen fully from June 2021, albeit with the mask requirements reimposed during the winter months. Contrary to plaintiffs' contention, "frustration of purpose is not implicated by temporary governmental restrictions on in-person operations" (Valentino U.S.A., Inc., 203 AD3d at 480; cf. Doherty v Eckstein Brewing Co., 198 App Div 708, 709-710 [1st Dept 1921]).
The doctrine of impossibility, which "excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible," is also inapplicable (Valentino U.S.A., Inc., 203 AD3d at 480, quoting Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). We have already rejected plaintiff Gap's contention that Executive Order No. 202.8 "rendered it objectively impossible to perform its operations as a retail store" where, as here, Gap filed its complaint after reopening was allowed (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d at 577). In addition, even if the reopening restrictions made plaintiffs' ability to provide a flagship store experience more difficult, the pandemic did not render their performance impossible, as "the leased premises were not destroyed" (Valentino U.S.A., Inc., 203 AD3d at 480, citing 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st [*2]Dept 2021], appeal dismissed 37 NY3d 1040 [2021]). Resolution of the contract claims and counterclaims here on the merits renders a declaration unnecessary, and that claim was properly dismissed.
We see no basis in the leases for a temporary abatement of rent. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022