PLG Bedford Holdings LLC v Prestige Deli & Grill Corp (2024 NY Slip Op 50640(U))

[*1]

PLG Bedford Holdings LLC v Prestige Deli & Grill Corp

2024 NY Slip Op 50640(U)

Decided on May 29, 2024

Civil Court Of The City Of New York, Kings County

Epstein, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 29, 2024
Civil Court of the City of New York, Kings County

PLG Bedford Holdings LLC, Petitioner,

against
Prestige Deli & Grill Corp and XYZ Corporation, Respondent.

Index No. LT-306740-23/KI

Plaintiff: Scott Gross 
Law Offices of Scott D. Gross
400 Post Avenue, Suite 400B
Westbury, New York 11590 
516-742-9099
Defendant: Jonathan Roller
26 Court Street, Suite 1307
Brooklyn, NY 11242
718-834-8514

Jill R. Epstein, J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this Motion for Summary Judgment submitted on May 3, 2024
Papers Numbered
Notice of Motion and Affirmations/Affidavits Annexed 1
Affidavits/Affirmations in Opposition 2
Reply 3
Upon the foregoing cited papers, and oral argument, the Decision/Order on the Petitioner's Motion for Summary Judgment is as follows:
Petitioner, PLG Bedford Holdings LLC (hereinafter "Petitioner") moves by Notice of Motion dated February 5, 2024, seeking Summary Judgment, and a Final Judgment of Possession. Respondent, Prestige Deli & Grill Corporation, (hereinafter "Respondent") filed an Affirmation in Opposition, dated April 25, 2024. Oral argument was held on May 3, 2024.
The matter sub judice was initiated on February 23, 2023 when petitioner filed a Holdover proceeding in Kings Civil Court, Part 52, for respondent's alleged failure to comply [*2]with served a Notice to Cure on June 1, 2020, thereby violating the terms of the Lease. The Notice to Cure listed several issues including respondent's failure to install grease traps and to have a contract to maintain those traps, proof of insurance, and failure to pay rent. The respondent filed an Order to Show in Kings County Supreme Court to stay the proceedings on June 15, 2020. Hon. Leon Ruchelsman granted the respondent's Order to Show Cause and issued a Yellowstone injunction on July 17, 2020. Petitioner appealed to the Appellate Division Second Department, and on February 22, 2023, the Second Department vacated the Yellowstone Injunction, holding that, the Court is unable to reinstate an expired tenancy, nor is it permitted to extend the time to which a tenant can cure a lease violation.
Summary Judgment is a drastic remedy and should be granted only in the absence of any triable issue of material fact. See, Rotuba Extruders, Inc. v Ceppos, 46 NY2d 141 [1978]; Andre v Pomeroy, 35 NY2d 361 [1974]. In order to prevail, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient proof to demonstrate the absence of any material issues of fact. Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].
At oral argument, respondent's counsel urged that the underlying tenancy should have never been terminated due to impossibility. This action was commenced during the COVID-19 pandemic and respondent argues that it was impossible for respondent to comply with the Notice to Cure. Respondent stated in its Answer, a general denial preserves the right to assert an impossibility defense. The respondent claims it was unable to find someone to install and maintain grease traps by the Notice to Cure date of June 1, 2020. Respondent also notes that though it could not find someone to install and maintain the grease traps by June 1, 2020, because of the Covid-19 pandemic, it was able to find someone to perform the installation in July 2020.
Petitioner notes that the respondent did not deny its failure to comply with the Notice to Cure and, as such, that there is no issue of fact for trial. "[I]mpossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible." Comprehensive Bldg. Contrs. v. Pollard Excavating, 251 AD2d 951, 952 [2nd Dept1998]. "[H]ere, the pandemic, while continuing to be "disruptive for many businesses," did not render plaintiff's performance impossible " Valentino U.S.A., Inc. v. 693 Fifth Owner LLC, 203 AD3d 480, 480 [3rd Dept 2022].
In Shmaltz Brewing Co., LLC v. Dog Cart Mgt. LLC, 202 AD3d [3rd Dept 2022], a brewery entered into a licensing agreement with defendant, however, the brewery tasting room never opened. The defendant operator held a "soft opening" in February 2019 for the tasting room, then petitioner alleged that defendant "unilaterally" decided to not open nor did it pay licensing fees. Id. In its defense, respondent relied upon "impossibility" due to the Covid-19 pandemic. Id. In its decision, the Third Department held, "Defendants, however, merely assert in a conclusory manner that a widespread shutdown of businesses impacted them. In the absence of documentary evidence conclusively establishing that performance under the contract by Dog Cart was impossible as a consequence of the shutdown of businesses, dismissal of the breach of contract claim based upon the impossibility defense is not warranted." Id.
As in Dog Cart, this Court finds that an impossibility argument is not applicable. A general denial does not encompass an impossibility defense. Defenses to an action should be plead with specificity. Even if this Court were to find that respondent properly preserved the affirmative defense of impossibility, the respondent failed to demonstrate impossibility. There [*3]was no evidence offered, aside from a cursory statement from respondent that finding someone to install grease traps by June 1, 2020, was impossible and yet somehow one month later, respondent was able to find someone to do the work. The Court finds the holding by the Third Department in Dog Cart persuasive and applicable in the instant matter. A "cursory" statement by respondent that Covid prevented them from hiring someone to install and maintain grease traps, and then one month after the Notice to Cure expired finding someone to do the work did not sufficiently raise an impossibility defense. It should also be noted that the Court takes judicial notice that plumbers were considered an "essential service" and therefore plumbers were available for hire during the Covid-19 pandemic. Thus, the respondent has failed to sufficiently raise an issue of fact for trial. The Court has no choice but to grant petitioner's summary judgment motion.
WHEREFORE, it is hereby,
ORDERED AND ADJUDGED that petitioner's Motion for Summary Judgment pursuant to CPLR § 3212 is granted in its entirety; and it is further
ORDERED AND ADJUDGED petitioner is awarded a final judgment of possession and a warrant of eviction. The warrant of eviction to issue forthwith but execution stayed for 14 days through June 12, 2024. The earliest execution date of the warrant of eviction is June 13, 2024.
The foregoing constitutes the decision and order of the Court.
Dated: May 29, 2024
Brooklyn, New York
HON. JILL R. EPSTEIN, JCC