U.S. Bank Trust N.A. v Parris Dev. Projects, LLC (2026 NY Slip Op 00936)

U.S. Bank Trust N.A. v Parris Dev. Projects, LLC

2026 NY Slip Op 00936

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-07210
2023-07211
2023-07241
 (Index No. 2378/22)

[*1]U.S. Bank Trust National Association, etc., respondent, 
vParris Development Projects, LLC, et al., appellants, et al., defendants.

Guarino & Co Law Firm, LLC, New York, NY (Charles D. Hellman of counsel), for appellants.
Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Parris Development Projects, LLC, and Lester Parris appeal from (1) an order of the Supreme Court, Orange County (Elena Goldberg Velazquez, J.), dated March 13, 2023, (2) an order of the same court also dated March 13, 2023, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated June 20, 2023. The first order dated March 13, 2023, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their affirmative defense alleging frustration of purpose, and for an order of reference. The second order dated March 13, 2023, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated March 13, 2023, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2019, the defendant Parris Development Projects, LLC (hereinafter PDP), by its principal, the defendant Lester Parris, executed a note in the principal sum of $479,500, which was secured by a mortgage on certain real property located in Chester. Subsequently, the mortgage was assigned to the plaintiff.
The plaintiff commenced this action against PDP and Parris (hereinafter together the [*2]defendants), among others, to foreclose the mortgage. The defendants interposed an answer asserting several affirmative defenses, including the defense of frustration of purpose. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defense alleging frustration of purpose, and for an order of reference. In an order dated March 13, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order also dated March 13, 2023, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Thereafter, in an order and judgment of foreclosure and sale dated June 20, 2023, the court, among other things, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
The appeals from the orders dated March 13, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In order to invoke the defense of frustration of purpose, "the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" (Gulf LNG Energy, LLC v Eni S.p.A., 232 AD3d 183, 192 [internal quotation marks omitted]; see Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480; Restatement [Second] of Contracts § 265). "[T]he 'narrow' doctrine of frustration of purpose is inapplicable . . . where the purpose of the contract has not been completely thwarted" (Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d at 480; see Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265).
Here, in opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, the defendants failed to raise a triable issue of fact regarding their affirmative defense alleging frustration of purpose. Contrary to the defendants' contention, their affirmative defense alleging frustration of purpose is inapplicable under these circumstances. Although the defendants alleged that temporary governmental restrictions instituted during the COVID-19 pandemic affected their ability to meet their obligations under the note, the purpose of the contract, that is, the disbursement of a loan that was secured by a mortgage on real property, was not frustrated (see Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d at 480). Moreover, the defendants conceded that they defaulted on their obligations under the note in February 2020, which was before any governmental restrictions had gone into effect.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defense alleging frustration of purpose, and for an order of reference.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court