Amsterdam 140 LLC v Fruitopia LLC
2026 NY Slip Op 04035
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Amsterdam 140 LLC, Plaintiff-Respondent,
v
Fruitopia LLC, Defendant, Christine Maria Gonzalez, Appellant.

Decided and Entered: June 25, 2026
Index No. 650513/24|Appeal No. 6972|Case No. 2025-05315|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Christine Maria Gonzalez, appellant pro se.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 28, 2025, which denied the motion of defendant-guarantor Christine Maria Gonzalez to vacate her default and to file a late answer in the action, unanimously affirmed, without costs.
The motion court did not abuse its discretion in denying guarantor's motion to vacate her default. While she established an excusable default, she failed to proffer a meritorious defense to the enforcement of the commercial lease guaranty (see Cipriano v Hank, 197 AD2d 295, 297 [1st Dept 1994]. Guarantor's contention that she was improperly served with the summons and complaint fails because the record reflects that plaintiff-landlord served her by substituted service by email pursuant to court order (see CPLR 308[5]).
The motion court providently found that the guarantor asserted that her business partner's violent conduct caused her to abandon the premises. The motion court providently found that this did not provide a defense to the enforcement of the guaranty. These facts do not constitute a constructive eviction because guarantor does not allege that any wrongful conduct by landlord caused her to be deprived of the use of the premises (see 7001 E. 71st St., LLC v Millennium Health Servs., 138 AD3d 573, 573 [1st Dept 2016]).
Moreover, landlord did not frustrate the lease or guaranty's purpose or render guarantor's performance under the guaranty impossible so as to excuse her performance. As we have consistently held, the "narrow" doctrine of frustration of purpose does not apply where, as here, "the purpose of the contract has not been completely thwarted" (Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480 [1st Dept 2022]). Furthermore, because guarantor's ability to perform under the lease did not become "objectively impossible," the defense of impossibility is not available (id. [internal quotation marks omitted]). Guarantor's argument that the guaranty lacked consideration is contradicted by the express recitation of the guaranty's consideration set forth in paragraph 1 thereof.
[*2]
Landlord's re-letting of the premises and its retention of certain equipment owned by defendant-tenant did not affect guarantor's liability for the purpose of vacating her default but should be considered at the hearing on damages (see e.g. Matter of Gupta, 38 AD3d 445, 446 [1st Dept 2007]). Contrary to guarantor's contention, landlord has no duty to mitigate its damages under section 24.1(C) of the lease or at common law (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Ass'n., Inc., 24 NY3d 528, 536-537 [2014]). However, guarantor's default does not preclude her from raising the argument at the damages hearing that landlord's request for more than $440,000 in accelerated rent through June 2031, despite purportedly reletting the premises, "is nothing more than a means by which to exact a penalty otherwise proscribed by the law" and is "disproportionate to [landlord's] actual losses" (id.).
We have considered guarantor's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026