■ In the Matter of the Arbitration between SOLOMON CARTY, Appellant, and NATIONWIDE INSURANCE COMPANY, Respondent.—Order and judgment (one paper) of the Supreme Court, Bronx County (Anita Florio, J.), entered on March 3, 1988, which denied petitioner's application to confirm an arbitration award and dismissed the petition, unanimously reversed, on the law and the facts, the motion is granted to the extent of confirming the award except insofar as it directs respondent to pay petitioner no-fault benefits for lost work in the sum of $32,400 and to compute and pay the interest thereon, the award is modified to direct respondent to pay petitioner no-fault benefits for lost work in the sum of $25,000 and vacated insofar as it directs respondent to compute and pay interest, and the matter is remanded to the arbitrator for a finding as to when petitioner supplied respondent with proof of the fact and amount of loss sustained, without costs. The appeal from the order of the same court entered on or about August 31, 1988, which denied petitioner's motion for reargument, is dismissed, without costs.

Petitioner claimant appeals from a judgment which denied his application to confirm a no-fault arbitration award, and vacated it as "arbitrary", "contrary to the evidence", and "clearly unintelligible" in its direction to respondent insurer to pay petitioner a sum of money for lost work. We agree with petitioner that respondent's failure to appeal the award to a master arbitrator precluded judicial review of questions that would have been reviewed by a master arbitrator had an administrative appeal been taken *(Matter of Custen [General Acc. Fire & Life Ins. Co.],* 126 AD2d 256 [2d Dept]). Thus, the award should not have been reviewed by IAS for rationality (11 NYCRR 65.17 [a] [1]); nor should it be reviewed for errors of law (11 NYCRR 65.17 [a] [4]), conflict with policy limitations (11 NYCRR 65.17 [a] [2], [3]), or improprieties in the granting of attorney's and doctor's fees (11 NYCRR 65.17 [a] [5], [6]; *see generally, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207). Our reduction of the award for no-fault benefits from $32,400 to $25,000 is made not because the latter figure is, as a matter of law, the maximum benefit payable for the 25-month period

of lost work that the arbitrator found petitioner to have sustained, but only because petitioner conceded at oral argument that public policy concerns are implicated by an award in excess of the statutorily permissible maximum, and that it would not be inappropriate, therefore, to reduce the award in the amount of such excess.

This does not mean, however, that the court's function on petitioner's motion to confirm was simply to rubber-stamp the award. At the least, an award that the court would make its own should be scrutinized for finality and definiteness (CPLR 7511 [b] [1] [iii]) if only to be assured of its enforceability. Thus, respondent's contention that the amount it was directed to pay petitioner cannot be determined from the award must be considered.

The award is sufficiently definite to permit a finding of fact that it was the arbitrator's intention to award petitioner the maximum benefit allowable for 25 months of lost work, and that the arbitrator measured this benefit in the amount of $32,400. The section of the award that respondent claims indicates an intention by the arbitrator to award $20,000, or perhaps $25,000, was set forth not as a conclusion but as an explanation of how he arrived at the $32,400 figure. This attempt at explanation, while "clearly unintelligible" as IAS put it, should nevertheless have been disregarded, at least for purposes of judicial, as opposed to administrative, review. The rationale of a no-fault award, a matter of primary concern to a master arbitrator, is of no moment to the court, whose only concern is that there be a final and definite resolution of the dispute submitted (*Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 43-44). This there was concerning the claim for lost work.

However, precisely because the award is not final and definite insofar as it directs respondent to "compute and pay" the interest due on the claim for lost work, a remand to the arbitrator is necessary. The award directs respondent to compute interest "at the rate of 2% per month, compounded, commencing 30 calendar days after proof of claim therefor was received by the Insurer". This provision of the award tracks Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (1), requiring the insurer to commence payment of benefits "within thirty days after the claimant supplies proof of the fact and amount of [the] loss sustained", failing which benefit payments are to be deemed overdue and bear interest at the rate of 2% a month, compounded. Obviously, in order to make such a computation, there must be a finding as to when the

claimant supplied such proof to the insurer. The absence of such a finding here has served only to "remit the parties to a new controversy" concerning the amount of interest *(Matter of Guetta [Raxon Fabrics Corp.], supra,* at 44, citing *Hiscock v Harris,* 74 NY 108, 113). Concur—Sullivan, J. P., Carro, Kassal, Wallach and Smith, JJ.