■ In the Matter of DANIEL A. GASPARD, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Martin B. Stecher, J.), entered on or about February 17, 1989, which confirmed a July 19, 1987 arbitrator's award and a December 28, 1987 master arbitrator's award, denied respondent's application for a trial de novo and awarded the petitioner judgment in the amount of $13,064, interest in the amount of $52,809.42, attorneys' fees in the amount of $530, and disbursements in the amount of $40, for a total award of $66,443.42, with the provision that interest would continue at 2% per month, compounded monthly until the judgment is paid, is unanimously affirmed, without costs.

The arbitrator, in deciding the petitioner's workers' compensation claims, awarded the petitioner $13,064 and further directed that the respondent pay interest at the rate of 2% per month, compounded, commencing 30 days after proof of claim was received, pursuant to 11 NYCRR 65.15 (g) (3). Respondent's application for review by the master arbitrator was denied as untimely. Respondent nonetheless demanded trial de novo. Petitioner sought confirmation of the awards pursuant to CPLR 7510. In opposing the petition, respondent argued that it had timely sought review by the master arbitra-

tor and that the principal amount of the award was improperly calculated. In opposing petitioner's proposed judgment, respondent argued that interest had been calculated improperly, but offered no details. Petitioner was awarded judgment as indicated.

Respondent now argues that interest was improperly calculated because proof of claim was never properly filed, because interest was improperly awarded on the entire time commencing with the date on which proof of loss was filed, and because interest was determined in the wrong forum. At the IAS court, respondent raised all of these contentions for the first time on a motion for reargument which was denied. Respondent did not appeal from the order denying reargument, nor could it have done so (Silverstein v Silverstein, 130 AD2d 369 [1st Dept 1987]). Its contention in support of reargument cannot form the basis for an appellate attack on the prior order and judgment.

In any case, the arguments are precluded by respondent's failure to raise them in a timely appeal to the master arbitrator (Matter of Carty [Nationwide Ins. Co.], 149 AD2d 328 [1st Dept 1989]). The arbitrator's award fully states that interest on the entire judgment amount must be paid commencing with the date on which proof of claim was filed and ending on the date of the judgment. To hold that any other formula should apply would be to usurp the arbitrator's function improperly (Matter of Raisler Corp. [New York City Hous. Auth.], 32 NY2d 274, 282-283 [1973]). Respondent's argument that no proof of claim was ever received is unsupported.

We have considered the respondent's forum argument and find it to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.