■ GENERAL ELECTRIC COMPANY, Respondent, v METALS RESOURCES GROUP LIMITED, Appellant. [741 NYS2d 218] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 29, 2001, entitling plaintiff to recover from defendant $1,874,188.05, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered October 3, 2000, which, inter alia, granted plaintiff's motion for summary judgment upon the issue of liability, and denied defendant's cross motion to the extent that such cross motion sought (1) a hearing pursuant to CPLR 6315 upon defendant's claim for damages allegedly attributable to a

temporary restraining order issued July 6, 1999, and (2) the posting of an undertaking by plaintiff nunc pro tunc; and bringing up for review an order, same court and Justice, entered March 27, 2001, which granted plaintiff's motion to confirm the Special Referee's report respecting damages and order, same court and Justice, entered April 30, 2001, which, inter alia, permitted plaintiff to serve a subpoena upon a purported non-resident officer of defendant by serving the subpoena upon defendant's New York attorneys, unanimously affirmed, with costs. Appeals from the aforesaid orders entered October 3, 2000 and March 27, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff commenced this action to recover amounts due from defendant under the parties' commodity swap contract. By presenting proof of the contract and defendant's failure to make payment according to its terms, plaintiff carried its burden as a summary judgment movant to demonstrate its prima facie entitlement to judgment as a matter of law. Defendant, however, failed to meet its consequent burden to raise a triable issue warranting the motion's denial (*see, Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617). Contrary to defendant's argument, the parties' contract was not an illegal contract to gamble, but rather a legitimate commodity swap agreement exempt from the strictures of the Commodities Exchange Act (*see*, 17 CFR 35.2), General Business Law § 351 and General Obligations Law § 5-401 (*see, Procter & Gamble Co. v Bankers Trust Co.*, 925 F Supp 1270, 1285; *In re Thrifty Oil Co.*, 249 BR 537, 553). Nor were defendant's contract obligations excusable as impossible to perform. Defendant's performance may have been rendered financially disadvantageous by circumstances unforeseen by the parties at the time of the contract's making. However, financial disadvantage to either of the contracting parties was not only foreseeable but was contemplated by the contract, even if the precise causes of such disadvantage were not specified. In any event, it is not a basis for reliance upon the impossibility of performance doctrine (*see, Stasyszyn v Sutton E. Assoc.*, 161 AD2d 269, 270). The force majeure doctrine is no more helpful to defendant. The parties' integrated agreement contained no force majeure provision, much less one specifying the occurrence that defendant would now have treated as a force majeure, and, accordingly, there is no basis for a force majeure defense (*see, Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902). Nor is there any basis for a frustration of purpose defense. The inducing circumstance for the subject contract was prospective instability in the price of cobalt, the commodity "swapped" under the contract. Plaintiff

sought to insulate itself from cobalt price increases by shifting the risk of such increases to defendant and defendant, in exchange, sought to shift the risk of cobalt price decreases to plaintiff. That the price of cobalt increased due to market forces did not frustrate the contract's purpose; to the contrary, it constituted an instance of the very market instability whose prospect induced the contract in the first instance (*see, Pettinelli Elec. Co. v Board of Educ.*, 56 AD2d 520, *affd* 43 NY2d 760). Also without merit is defendant's claim that the parties' agreement was orally modified to relieve defendant of the risk of cobalt price increases attributable to labor strikes. While oral amendment is not barred under the agreement, the evidence of the purported oral agreement offered by defendant is insufficient to raise a triable issue as to whether a sufficiently definite agreement was entered into. The evidence in the record indicates at most an agreement to agree, which is not enforceable (*see, Martin Delicatessen v Schumacher*, 52 NY2d 105).

Contrary to defendant's arguments, the Special Referee's calculation of damages was proper and in accordance with the court's reference.

Defendant is not entitled to damages allegedly sustained by reason of the July 6, 1999 restraining order, subsequently acknowledged by the motion court to have been improperly issued. Defendant's sole remedy under the circumstances presented, in which there is no sustainable claim that the application for the restraint was maliciously motivated (*see, Crown Wisteria v F.G.F. Enters. Corp.*, 168 AD2d 238, 241), would have been to proceed against any undertaking posted as a condition of the restraining order (*see, Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433; *De Carlo v Sanese*, 65 AD2d 945; *Scotto v Mei*, 219 AD2d 181, 185). However, no undertaking was posted by plaintiff and the issue of whether one should have been required is now academic, the restraint having been vacated (*see, Honeywell, Inc.*, 103 AD2d, *supra* at 435; *Quandt's Wholesale Distribs. v Giardino*, 89 AD2d 669).

Finally, the document discovery afforded plaintiff in aid of its recovery of the contract damages to which it established an entitlement was proper, as was the court's grant of permission to plaintiff to serve a postjudgment subpoena upon a person alleged by plaintiff to be one of defendant's managing officers by serving the subpoena upon defendant's New York attorneys (*see, Coutts Bank [Switzerland] v Anatian*, 275 AD2d 609, 611 [Sullivan, J., concurring]).

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.