■ MARILYN ARONS, Appellant, v RosaLEE CHARPENTIER et al., Respondents. [828 NYS2d 482]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 30, 2004, which among other things, granted that branch of the motion of the defendant RosaLee Charpentier which was for summary judgment dismissing the complaint insofar as asserted against her, and denied the plaintiff's cross motion to compel the production of certain documents, and (2) a judgment of the same court dated March 31, 2005, which, after a nonjury trial, is in favor of the defendants Barbara Mackey and Thomas Mackey dismissing the complaint insofar as asserted against them.

Ordered that the order and the judgment are affirmed, with one bill of costs.

While this appeal was pending, the United States Supreme Court held, in *Arlington Cent. School Dist. Bd. of Educ. v Murphy* (548 US —, 126 S Ct 2455 [2006]), that the fee-shifting provision of the Individuals with Disabilities Education Act (hereinafter IDEA) does not authorize prevailing parents to recover fees for services rendered by experts in IDEA actions (548 US —, 126 S Ct at 2457). The purpose of the alleged contract at issue in this action was to compel the defendants Barbara Mackey and Thomas Mackey (hereinafter the Mackeys) to seek the recovery of expert witness fees in their underlying IDEA action for services rendered by the plaintiff, who is the same "expert in IDEA actions" for whom fees were sought and rejected in *Arlington Cent. School Dist. Bd. of Educ. v Murphy* (548 US at —, 126 S Ct at 2458).

In light of the United States Supreme Court's holding in *Murphy*, had the Mackeys complied with the alleged contract, and sought to recover the plaintiff's expert witness fees from the relevant school district in their underlying IDEA action, they would have been unsuccessful. Thus, enforcement of the alleged contract is barred by the doctrine of frustration of purpose, as the ultimate recovery of the fees was "so completely the basis of the contract that . . . without it, the transaction would have made little sense" (*Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 265 [2004]; see Restatement [Second] of Contracts § 265). Accordingly, the complaint, which was to recover damages for breach of contract, as against the Mackeys, and tortious interference with a contractual relationship, as against the Mackeys' attorney, RosaLee Charpentier, was properly dismissed in its entirety.

In light of the above, the parties' remaining contentions have been rendered academic. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.