■ STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v ALICE BROWNE, Respondent. [843 NYS2d 131]—

In an action for a judgment declaring the rights and obligations of the parties under certain policies of insurance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered June 22, 2006, as, (a) granted the defendant's motion for leave to reargue that branch of her prior cross motion for summary judgment on her second counterclaim which was for an award of damages for breach of a rental dwelling insurance policy in the principal sum of $66,000, which cross motion had been determined in an order of the same court entered December 19, 2005, and upon, in effect, vacating so much of the order entered December 19, 2005 as directed an inquest on the issue of damages with respect to the second counterclaim, granted that branch of the defendant's prior cross motion and directed the entry of judgment in favor of the defendant and against the plaintiff on the second counterclaim in the principal sum of $66,000, together with prejudgment interest in the amount of $26,032, and with interest thereon from September 1, 2003, in the amount of $16,632, and (b) denied its cross motion, in effect, for leave to reargue stated portions of the defendant's prior cross motion for summary judgment.

Ordered that the appeal from so much of the order as denied the plaintiff's cross motion, in effect, for leave to reargue stated portions of the defendant's prior cross motion for summary judgment is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof, upon reargument, awarding prejudgment interest in the amount of

$26,032, with interest thereon from September 1, 2003, in the amount of $16,632; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the amount of prejudgment interest and interest thereon from September 1, 2003, to which the defendant is entitled on her second counterclaim and for the entry of a judgment thereafter.

The Supreme Court properly granted the defendant's motion for leave to reargue that branch of her prior cross motion for summary judgment on her second counterclaim which was for an award of damages for breach of a rental dwelling insurance policy in the amount of $66,000. Upon reargument, the Supreme Court properly granted that branch of the defendant's prior cross motion and properly directed the entry of a judgment in favor of the defendant and against the plaintiff in that principal sum. The defendant sought coverage from the plaintiff for loss of rents due under an unexpired lease term. The principal balance of $66,000 due under the unexpired lease term was not a matter of dispute.

However, the court incorrectly calculated the amount of prejudgment interest, apparently accepting the defendant's method for calculating such interest, based on the entire principal balance measured from August 31, 2001, rather than upon the accumulating balance as remaining installments became due. Thus, the court incorrectly awarded the defendant both prejudgment interest in the sum of $26,032, relating to the period of August 31, 2001 to January 20, 2006, and interest thereon from September 1, 2003 (to the date of its order), in the sum of $16,632. We therefore modify the order appealed from and remit the matter to the Supreme Court, Westchester County, for a new determination of the amount of prejudgment interest and interest thereon from September 1, 2003, to which the defendant is entitled on her second counterclaim and for the entry of a judgment thereafter. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.