Fives 160th, LLC v Qing Zhao (2022 NY Slip Op 02339)

Fives 160th, LLC v Qing Zhao

2022 NY Slip Op 02339

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 155927/20 Appeal No. 15685 Case No. 2021-03035 

[*1]Fives 160th, LLC, Plaintiff-Respondent,
v
Qing Zhao et al., Defendants-Appellants, ABC Corp., et al., Defendants.

Balance Law Firm, New York (Beixiao (Robert) Liu of counsel), for appellants.
Rose & Rose, New York (Dean Dreiblatt of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered April 7, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint states a cause of action for unpaid rent and additional rent due. Plaintiffs sufficiently allege that defendants did not pay rent from March 2020 through the end of the lease term, and that defendants owed $35,803.39 through July 31, 2020, the date plaintiffs commenced this action (see Siegmund Strauss, Inc. v East 149th Realty Corp., 104 AD3d 401, 403 [1st Dept 2013]). Defendants' motion fails to dispute plaintiff's allegations regarding the rent.
As to defendants' assertions that they should be excused from performance under the contract because of the COVID-19 pandemic, we have already determined that the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility (see 558 Seventh Ave. Corp. v Times Square Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]). Although the pandemic did make it more difficult and less profitable for defendants to run their business, they were never prevented from using the space or operating their restaurant (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42-43 [1st Dept 2020]). Nor did the lease contain a force majeure clause, and this Court may not add or imply such a clause (see Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16, 19 [1961]; Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]).
Furthermore, plaintiff demonstrated that it properly effected service on defendants in accordance with CPLR 308 at their usual place of business. Affidavits submitted by plaintiff demonstrated that defendants effectively held out the address of the premises as their business address by keeping the signage for their restaurant there (see Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply, 280 AD2d 360, 361 [1st Dept 2001]). Moreover, defendant Xiang Ling averred that he did not mail the keys to the premises to plaintiff until August 18, 2020, after plaintiff had already commenced the action (cf. LaSorsa v Corrigan, 256 AD2d 313, 313 [2d Dept 1998]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022