Arista Dev., LLC v Clearmind Holdings, LLC (2022 NY Slip Op 04451)

Arista Dev., LLC v Clearmind Holdings, LLC

2022 NY Slip Op 04451

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

319 CA 21-00979

[*1]ARISTA DEVELOPMENT, LLC, PLAINTIFF-APPELLANT,
v
CLEARMIND HOLDINGS, LLC, DOING BUSINESS AS DIRT CHEAP TV, DEFENDANT-RESPONDENT. 

SHELBY, BAKSHI & WHITE, WILLIAMSVILLE (JUSTIN S. WHITE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COLLIGAN LAW LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 25, 2021. The order, insofar as appealed from, denied that part of the motion of plaintiff seeking summary judgment on the first cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking summary judgment on the first cause of action is granted.
Memorandum: Plaintiff, a commercial landlord, commenced this action against defendant, a tenant that operated a retail store for low priced electronics on premises rented pursuant to a lease, asserting causes of action for breach of contract and for attorneys' fees. As limited by its brief, plaintiff appeals from an order insofar as it denied that part of its motion seeking summary judgment on the first cause of action, for breach of contract.
Supreme Court determined that there are triable issues of fact whether defendant's nonpayment of rent during the COVID-19 pandemic was permissible pursuant to the casualty clause of the lease. We agree with plaintiff that the court erred in that regard. It is well settled that the elements of a breach of contract cause of action are " 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Here, plaintiff established as a matter of law, and defendant does not dispute, that the lease existed, that plaintiff performed under the lease, that defendant did not pay rent for the months of April 2020 through September 2020, except for a good faith payment of $2,000 toward the April 2020 rent, and that plaintiff thus did not receive $22,000 for those months pursuant to the rental rate under the lease. The only question on appeal regarding an element of this cause of action is whether defendant's failure to pay rent constituted a breach of the lease or whether the casualty clause should be interpreted to permit defendant's nonpayment during the relevant period.
"Interpreting a contract 'is the process of determining from the words and other objective manifestations of the parties what must be done or forborne by the respective parties in order to conform to the terms of their agreements' " (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082 [2019], quoting 11 Richard A. Lord, Williston on Contracts § 30:1 [4th ed May 2019 update]). " 'The best evidence of what parties to a written agreement intend is what they say in their writing' " (id., quoting Slamow v Del Col, 79 NY2d 1016, 1018 [1992]). "Under long-standing rules of contract interpretation, '[w]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole' " (id., quoting Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]). Stated differently, a [*2]contract "must be read as a whole in order to determine its purpose and intent, and . . . single clauses cannot be construed by taking them out of their context and giving them an interpretation apart from the contract of which they are a part" (Eighth Ave. Coach Corp. v City of New York, 286 NY 84, 88 [1941]). "Words considered in isolation may have many and diverse meanings. In a written document the word obtains its meaning from the sentence, the sentence from the paragraph, and the latter from the whole document, all based upon the situation and circumstances existing at its creation" (id. at 89). " 'The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning' " (Ellington, 24 NY3d at 244).
Here, interpreting the lease as a whole without considering any isolated phrases out of context, and giving the words their plain meaning (see Eighth Ave. Coach Corp., 286 NY at 88-89), we conclude that plaintiff established as a matter of law that defendant was not entitled to a rent abatement under the section of the lease providing that defendant was "not required to pay [r]ent when the [r]ental [s]pace [was] unusable" as a result of "damage" caused by a "fire or other casualty." "That [section] of the lease refers to singular incidents causing physical damage to the premises and does not contemplate loss of use due to a pandemic or resulting government lockdown" (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]). Indeed, the text and structure of that section—which refers in several instances to a "fire or other casualty" causing "damage" occurring "in" or "to" the "[r]ental [s]pace," defined as the 4,000-square-foot retail premises at the subject address, and which describes in detail the "repair" obligations of the parties in the event such damage occurs—"leave no doubt that 'casualty' refers to singular incidents, like fire, which have a physical impact in or to the premises[,] and does not encompass a pandemic, occurring over a period of time, outside the property, or the government lockdowns resulting from it" (Gap Inc. v Ponte Gadea NY LLC, 524 F Supp 3d 224, 232 [SD NY 2021]; see Gap, Inc., 195 AD3d at 577; A/R Retail LLC v Hugo Boss Retail, Inc., 72 Misc 3d 627, 638-639 [Sup Ct, NY County 2021]). To the extent that 188 Ave. A Take Out Food Corp. v Lucky Jab Realty Corp. (2020 NY Slip Op 34311[U], *5-6 [Sup Ct, NY County 2020]) holds otherwise, that case is unpersuasive inasmuch as it resorted to extra-contractual sources to define the term "casualty" without giving that term its plain meaning within the context of the other language used in that part of the lease (cf. Eighth Ave. Coach Corp., 286 NY at 88-89; see generally Gap, Inc., 195 AD3d at 577).
Additionally, in light of our interpretation of the casualty clause, we conclude that "[t]he force majeure doctrine is no more helpful to defendant" (General Elec. Co. v Metals Resources Group, 293 AD2d 417, 418 [1st Dept 2002]). Here, as plaintiff correctly contends and contrary to defendant's contention, the lease "contain[s] no force majeure provision, much less one specifying the occurrence that defendant would now have treated as a force majeure, and, accordingly, there is no basis for a force majeure defense" (id.; see Fives 160th, LLC v Qing Zhao, 204 AD3d 439, 440 [1st Dept 2022]; see generally Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902-903 [1987]; Robert L. Haig, Commercial Litigation in New York State Courts § 148:31 [5th ed 2 West's NY Prac Series Oct. 2021 update]).
Defendant asserts that, even if its nonpayment of rent was not permitted under the casualty clause of the lease, the court did not err in denying that part of plaintiff's motion seeking summary judgment on the breach of contract cause of action because there are questions of fact with respect to the defenses of frustration of purpose and unclean hands that defendant raised below. Initially, "[a]lthough the court did not address th[ose] issue[s] in its decision, defendant properly raises [them] on appeal as . . . alternative ground[s] for affirmance" (Melgar v Melgar, 132 AD3d 1293, 1294 [4th Dept 2015]; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Summers v City of Rochester, 60 AD3d 1271, 1273 [4th Dept 2009]). We nonetheless reject defendant's alternative grounds for affirmance on the merits.
"In order to invoke the doctrine of frustration of purpose, the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" (Warner v Kaplan, 71 AD3d 1, 6 [1st Dept 2009], lv denied 14 NY3d 706 [2010] [internal quotation marks omitted]; see Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d 1349, 1352 [3d Dept 2022]; Arons v Charpentier, 36 AD3d 636, 637 [2d Dept 2007]; see generally 407 E. 61st Garage v Savoy Fifth Ave. Corp., 23 NY2d 275, 282 [1968]). Here, contrary to defendant's contention, we conclude that the temporary pandemic-related governmental restrictions on defendant's business operations were insufficient to invoke [*3]the defense because "[t]he doctrine of frustration of purpose does not apply as a matter of law where, as here, the tenant was not 'completely deprived of the benefit of its bargain' " (Gap, Inc., 195 AD3d at 577; see e.g. Gap, Inc. v 44-45 Broadway Leasing Co. LLC, — AD3d &mdash, &mdash, 2022 NY Slip Op 03980, *1 [1st Dept 2022]; Fives 160th, LLC, 204 AD3d at 439-440; Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480 [1st Dept 2022]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 561-562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]; see generally Rockland Dev. Assoc. v Richlou Auto Body, Inc., 173 AD2d 690, 691 [2d Dept 1991]).
The doctrine of unclean hands applies when the complaining party shows that the offending party "is guilty of immoral, unconscionable conduct and even then only 'when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct' " (National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15-16 [1966], quoting Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 316 [1956]; see Kopsidas v Krokos, 294 AD2d 406, 407 [2d Dept 2002]). Here, contrary to defendant's contention, there is no triable issue of fact on its unclean hands defense because, even if defendant had made genuine attempts to procure another tenant, plaintiff was under no contractual obligation to seek or approve a sublease with a third party for the relatively short period remaining on the commercial lease, and there is nothing immoral or unconscionable about plaintiff's decision to seek the unpaid rent that defendant was contractually obligated to pay (see Bank of Smithtown v 264 W. 124 LLC, 105 AD3d 468, 469 [1st Dept 2013]).
Based on the foregoing, we reverse the order insofar as appealed from and grant that part of plaintiff's motion seeking summary judgment on the first cause of action, for breach of contract.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court