McLearen Sq. Shopping Ctr. Herndon, Va. L.P. v BadaNara, LLC (2022 NY Slip Op 04864)

McLearen Sq. Shopping Ctr. Herndon, Va. L.P. v BadaNara, LLC

2022 NY Slip Op 04864

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

543 CA 21-01668

[*1]MCLEAREN SQUARE SHOPPING CENTER HERNDON, VA. LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,
v
BADANARA, LLC, HAE-CHAN PARK AND KYUNGHWA PARK, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

YOON LLP, NEW YORK CITY (CHARLES M. YOON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HARRIS BEACH PLLC, PITTSFORD (KYLE D. GOOCH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 27, 2021. The order, inter alia, awarded plaintiff a default judgment against defendant BadaNara, LLC and granted those parts of plaintiff's motion seeking summary judgment against defendants Hae-Chan Park and Kyunghwa Park. 
It is hereby ORDERED that said appeal insofar as taken by defendant BadaNara, LLC is unanimously dismissed and the order is modified on the law by vacating that part of the fourth ordering paragraph awarding interest of nine percent from April 1, 2020, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff, a commercial landlord, commenced this action against defendant BadaNara, LLC (BadaNara), which operated a restaurant on premises that it rented from plaintiff pursuant to a lease, and defendants Hae-Chan Park and Kyunghwa Park (guarantor defendants), who are members of BadaNara and who executed a guaranty of performance of BadaNara's obligations pursuant to the lease. Plaintiff asserted a cause of action against BadaNara for breach of contract for failure to pay rent, a cause of action against the guarantor defendants seeking to recover on the guaranty based on BadaNara's breach of the lease, and a cause of action against all defendants seeking attorneys' fees and expenses. Plaintiff moved for, inter alia, summary judgment on the complaint and an order striking BadaNara's answer for failure to properly appear by attorney as required by CPLR 321 (a) and, in appeal No. 1, defendants appeal from an order that, inter alia, struck BadaNara's answer and entered a default judgment against it, granted those parts of plaintiff's motion seeking summary judgment on the causes of action against the guarantor defendants, awarded plaintiff $380,949.90 in damages with statutory interest of nine percent from April 1, 2020, and ordered that plaintiff could submit an application for the recovery of attorneys' fees. In appeal No. 2, defendants appeal from an order granting plaintiff's application for attorneys' fees.
With respect to both appeals, we note at the outset that BadaNara appeared pro se in its answer, which Supreme Court properly determined rendered BadaNara's appearance a nullity because a limited liability company, such as BadaNara, "shall appear by attorney" (CPLR 321 [a]; see Hamilton Livery Leasing, LLC v State of New York, 151 AD3d 1358, 1360 [3d Dept 2017]; Boente v Peter C. Kurth Off. of Architecture & Planning, P.C., 113 AD3d 803, 804 [2d Dept 2014]). Consequently, the court properly entered the orders in appeal Nos. 1 and 2 with respect to BadaNara on its default based on its failure to appear (see Mail Boxes Etc. USA v Higgins, 281 AD2d 176, 176 [1st Dept 2001], appeal dismissed 96 NY2d 895 [2001], reconsideration dismissed 98 NY2d 725 [2002], reconsideration dismissed 99 NY2d 649 [2003]), and we therefore conclude that appeal Nos. 1 and 2 must be dismissed insofar as taken by BadaNara inasmuch as no appeal lies from orders entered on default (see CPLR 5511; Matter [*2]of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]; cf. Matter of Hopkins v Gelia, 56 AD3d 1286, 1286 [4th Dept 2008]).
In appeal No. 1, we reject the guarantor defendants' contention that the court erred in granting that part of plaintiff's motion for summary judgment on the cause of action to recover on the guaranty. Plaintiff met its initial burden by submitting the guaranty executed by the guarantor defendants, the underlying lease, and evidence of BadaNara's and the guarantor defendants' nonpayment of rent (see Northwoods, L.L.C. v Hale, 201 AD3d 1357, 1357-1358 [4th Dept 2022]; see generally Medlock Crossing Shopping Ctr. Duluth, GA. LP v Kitchen & Bath Studio, Inc., 126 AD3d 1463, 1464 [4th Dept 2015]). In opposition, the guarantor defendants failed " 'to establish, by admissible evidence, the existence of a triable issue [of fact] with respect to a bona fide defense' " (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Even assuming, arguendo, that the unconditional and absolute guaranty signed by the guarantor defendants does not "contain language obligating the guarantor to payment without recourse to any defenses or counterclaims" (id. at 493), thereby permitting them to assert defenses that could be raised by BadaNara, we conclude that the defenses asserted by the guarantor defendants—i.e., frustration of purpose and impossibility of performance—are inapplicable here.
With respect to the defense of frustration of purpose, we conclude that the guarantor defendants failed to raise any issues of fact regarding its applicability. " 'In order to invoke the doctrine of frustration of purpose, the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense' " (Warner v Kaplan, 71 AD3d 1, 6 [1st Dept 2009], lv denied 14 NY3d 706 [2010]; see Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d 1349, 1352 [3d Dept 2022]; Arons v Charpentier, 36 AD3d 636, 637 [2d Dept 2007]; see generally 407 E. 61st Garage v Savoy Fifth Ave. Corp., 23 NY2d 275, 282 [1968]). Contrary to the contention of the guarantor defendants, the temporary pandemic-related governmental restrictions imposed on BadaNara's business operations did not implicate that defense because "[t]he doctrine of frustration of purpose does not apply as a matter of law where, as here, the tenant was not completely deprived of the benefit of its bargain" (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021] [emphasis added and internal quotation marks omitted]; see Arista Dev. LLC v Clearmind Holdings, LLC, — AD3d &mdash, &mdash, 2022 NY Slip Op 04451, *3 [4th Dept 2022]; see generally Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 43 [1st Dept 2020]). Specifically, although the governmental restriction at issue here precluded BadaNara from offering in-person dining services, it expressly permitted restaurants such as BadaNara to offer take-out or delivery services and "frustration of purpose is not implicated by temporary governmental restrictions on in-person operations, as the parties' respective duties were to pay rent in exchange for occupying the leased premises" (Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480 [1st Dept 2022]).
The guarantor defendants also failed to raise a question of fact with respect to the defense of impossibility of performance. The doctrine of impossibility of performance "excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]; see generally Thompson v McQueeney, 56 AD3d 1254, 1257 [4th Dept 2008]). Here, for essentially the same reasons that we conclude that the frustration of purpose defense does not apply, we conclude that the temporary restrictions on in-person dining did not render BadaNara's performance under the lease objectively impossible. "[T]he pandemic, while continuing to be 'disruptive for many businesses,' did not render [BadaNara's] performance impossible, even if its ability to provide a [dining] experience was rendered more difficult, because the leased premises were not destroyed" (Valentino U.S.A., Inc., 203 AD3d at 480; see Gap, Inc., 195 AD3d at 577).
The guarantor defendants' contention that the court erred in awarding plaintiff damages for the costs associated with cleaning and restoring the premises to a leasable condition is unpreserved for our review because they did not raise that argument in opposition to the original motion, and improperly raised it for the first time in their motion for leave to reargue (see Matter of Gaspard v American Tr. Ins. Co., 157 AD2d 543, 544 [1st Dept 1990]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We agree, however, with the guarantor defendants that the court erred to the extent that it directed that statutory interest on the entire damages award run from the date of April 1, 2020, i.e., the earliest date that the lease was breached. CPLR 5001 (b) provides that "[w]here[, as here,] such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (see CAS Mktg. & Licensing Co. v Jay Franco & Sons, Inc., 188 AD3d 522, 523 [1st Dept 2020]). Thus, we conclude that "the court incorrectly calculated the amount of prejudgment interest . . . based on the entire principal balance measured from [the earliest date of breach], rather than upon the accumulating balance as remaining [rent payments and other payments] became due" (State Farm Fire & Cas. Co. v Browne, 43 AD3d 1149, 1150 [2d Dept 2007]). Consequently, we modify the order in appeal No. 1 by vacating that part of the fourth ordering paragraph awarding interest of nine percent from April 1, 2020, and we remit the matter to Supreme Court to calculate the interest in accordance with CPLR 5001 (b).
With respect to appeal No. 2, we reject the guarantor defendants' contention that the court abused its discretion in granting plaintiff's application for attorneys' fees (see A & M Global Mgt. Corp. v Northtown Urology Assoc. P.C., 115 AD3d 1283, 1290 [4th Dept 2014]; Pelc v Berg, 68 AD3d 1672, 1673 [4th Dept 2009]). "In evaluating what constitutes . . . reasonable attorney[s'] fee[s], factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount [of money] involved, the customary fee charged for such services, and the results obtained" (Matter of Dessauer, 96 AD3d 1560, 1561 [4th Dept 2012] [internal quotation marks omitted]). Here, plaintiff established the reasonableness of its application through the detailed affirmation of counsel. We reject the guarantor defendants' contention that plaintiff was required to "tender contemporaneously-maintained time records" in support of its application for attorneys' fees (Klein v Robert's Am. Gourmet Food, Inc., 28 AD3d 63, 75 [2d Dept 2006]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court