88 Greenwich Owner LLC v 21 Rector St LLC (2023 NY Slip Op 02960)

88 Greenwich Owner LLC v 21 Rector St LLC

2023 NY Slip Op 02960

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 158027/21 Appeal No. 400-401 Case No. 2022-04312, 2022-04313 

[*1]88 Greenwich Owner LLC, Plaintiff-Respondent,
v
21 Rector St LLC et al., Defendants-Appellants. 

Law Offices of Hariri & Crispo, New York (Ronald D. Hariri of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Aris E.L. Dutka of counsel) for respondent.

Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered July 8, 2022, awarding a money judgment in plaintiff's favor, bringing up for review an order, same court and Justice, entered June 3, 2022, which granted plaintiff's motion for summary judgment on its claims for unpaid rent and additional rent against defendants under the parties' lease and guaranty and dismissed defendants' affirmative defenses, unanimously affirmed, without costs.
Plaintiff's submission of affidavits from employees of its current and former property managers, both of whom averred that they had knowledge of the facts, together with the verified complaint, the lease, and rent ledgers created by the respective property managers, were sufficient to establish that the owner was the entity set forth in the lease and that it was authorized to do business in the State of New York (CPLR 4518[a]). To the extent defendants challenged as much in opposition to the motion, in reply, plaintiff submitted the NYS Department of State entity information for plaintiff and additional information relating to its ownership of the premises.
Contrary to defendants' assertion that plaintiff failed to serve the requisite predicate notice, section 2.2 of the lease specifically states that rent was due without demand. With respect to defendants' other affirmative defenses, this Court has rejected frustration of purpose, impossibility of performance, and failure of consideration as defenses to the nonpayment of rent under a commercial lease as a result of the pandemic, particularly where, as here, there was a relatively "brief period of closure" and the lease specifically carved out the obligation to pay rent as an exception to limitations on performance (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]; see Fives 160th, LLC v Qing Zhao, 204 AD3d 439, 440 [1st Dept 2022]; Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d 480, 480 [1st Dept 2022]).
Neither section 12.1 nor section 21.11 of the lease — which address "restrictive governmental laws or regulations," "Acts of God," "fire or other casualty," or other reasons beyond a party's reasonable control [FN1] — provides a defense to claims for unpaid rent. With respect to other circumstances purportedly constituting force majeure, the lease does not "contain a force majeure clause, and this Court may not add or imply such a clause" (Fives 160th, 204 AD3d at 440). Defendants' contention that the pandemic-related Executive Orders constituted a taking by eminent domain is unavailing, given that section 5.7 of the lease states that even in the event of a taking by eminent domain, defendants were not relieved of the obligation to pay rent.
Regarding defendant guarantor's defenses, we find them similarly unavailing. Defendants are correct that Administrative Code of the City of New York § 22-1005 (the guaranty law), which provides immunity from the enforcement of certain commercial lease guaranties where personal [*2]liability arose as a result of the pandemic-related executive orders during the statutory period, applies here. Yet plaintiff only moved for, and the order only awards, damages for which guarantor became liable outside the statutory period (see 3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC,199 AD3d 601, 602 [1st Dept 2021] ["the critical time frame for determining when the protections of [the guaranty law] attach is the time of the event causing such natural persons to become liable"] [internal quotation marks and modifications omitted], lv denied 38 NY3d 912 [2022]). Therefore, there is no reason to disturb the order or judgment under the guaranty law. On this basis, plaintiff's enforcement of the guaranty did not violate the commercial tenant harassment provisions of Administrative Code § 22-902 (a) (14). This action also would not constitute "repeatedly commencing frivolous court proceedings" under Administrative Code § 22-902 (a) (5), as it is not frivolous, nor have defendants identified any other facts that would constitute harassment under Administrative Code § 22-902, warranting dismissal of these defenses.
Finally, although defendants contend that plaintiff is not entitled to its attorneys' fees, attorneys' fees were not awarded in the order or judgment appealed.
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023

Footnotes

Footnote 1: Defendant contends that the pandemic does not constitute "other casualty" under the lease. Because any "other casualty" would not excuse the failure to pay rent, we need not reach this issue.