## 250 W. 39th St. Inc. v Bokyoung Kim

2024 NY Slip Op 31567(U)

May 3, 2024

Supreme Court, New York County

Docket Number: Index No. 159818/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ                    PART                    47

                                        *Justice*

-----------------------------------------------------------------------X

250 WEST 39TH STREET INC.,                      INDEX NO.            159818/2021

                            Plaintiff,          MOTION DATE          12/29/2023

            - v -                               MOTION SEQ. NO.          001

BOKYOUNG KIM, ON FIVE CORPORATION

                            Defendants.         **DECISION + ORDER ON**
                                                        **MOTION**

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for                  JUDGMENT - SUMMARY                  .

In this commercial landlord-tenant action, plaintiff-landlord moves for summary judgment on its claims for breach and anticipatory breach of the lease and guaranty agreement, and for attorneys' fees; and moves to dismiss defendants' affirmative defenses. Defendant On Five Corporation is the tenant (the tenant, or On Five)[1] and defendant Bokyoung Kim is the guarantor (the guarantor, or Kim).

## BACKGROUND

Plaintiff is the owner of the building located at 250 West 39th Street, New York, NY 10018. By lease dated December 8, 2016, and by amendment dated October 2017, plaintiff leased suite 702 in the building (the premises) to the tenant, with a lease term commencing on January 9, 2016 and ending on October 31, 2022 (NYSCEF Doc Nos 58-59). The lease was secured by a guaranty, executed by the guarantor on December 8, 2016 (NYSCEF Doc No 60).

---

[1] The record does not indicate On Five's business, but it appears to be an apparel company (*In re Level 8 Apparel, LLC*, 2021 Bankr. LEXIS 182 [SDNY Bankr 2021]).

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**          **Page 1 of 8**
  Motion No.  001

1 of 8

[* 1]

Plaintiff alleges that by October 2020, the tenant fell behind in rent and additional rent payments, and so plaintiff reversed the rent abatements it previously provided and drew down on the tenant's security deposit. Arrears continued to accrue. By letter dated September 3, 2021, the tenant notified plaintiff that it would be vacating the premises the same day (NYSCEF Doc No 61), however, it allegedly failed to surrender the premises in accordance with the terms of the lease. Plaintiff alleges the tenant owes $205,333.86 in rent and additional rent arrears through October 2021, and an additional $131,842.52 for the balance of the lease term, pursuant to the lease's acceleration clause.

Plaintiff filed a complaint, alleging that the lease and the guaranty had been breached (NYSCEF Doc No 2). Defendants filed an answer with nine affirmative defenses, asserting that: (1) the complaint failed to state a cause of action; (2) the action is barred by the doctrines of waiver, estoppel, and laches; (3) plaintiff has unclean hands; (4) plaintiff failed to mitigate its damages; (5) plaintiff failed to plead with particularity; (6) plaintiff breached its contract; (7) plaintiff failed to perform its obligations to defendants; (8) plaintiff failed to establish the amounts purportedly owed; and (9) defendants reserve their right to add additional defenses (NYSCEF Doc No 8).

Plaintiff now moves for summary judgment on six of its causes of action: (1) breach of the lease by the tenant; (2) anticipatory breach of the lease by the tenant; (3) an award of attorneys' fees as against the tenant; (4) breach of the guaranty by the guarantor; (5) anticipatory breach of the guaranty by the guarantor; and (6) an award of attorneys' fees as against the guarantor. Plaintiff also moves to dismiss each of defendants' nine affirmative defenses.

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

Defendants oppose plaintiff's motion[2] on the grounds that the pandemic interfered with their ability to conduct business and pay rent; the tenant vacated the premises subject to a settlement agreement entered among the parties to avoid the instant action;[3] the lease contains no acceleration clause; and it would be inequitable for plaintiff to receive rent payments for months during which the tenant was unable to occupy the premises.

## DISCUSSION

Summary Judgment

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

---

[2] Defendants' affirmation applies the standard for a motion to dismiss (NYSCEF Doc No 64), whereas plaintiff seeks summary judgment on its six causes of action and dismissal only of defendants' affirmative defenses (NYSCEF Doc No 52).

[3] Defendants do not submit the purported "Surrender and Termination Agreement" referred to in their attorney affirmation (NYSCEF Doc No 64).

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**     **Page 3 of 8**
**Motion No.  001**

3 of 8

[* 3]

### i.    *Causes of Action Against the Tenant*

Plaintiff has established its entitlement to judgment as a matter of law on its first cause of action against the tenant for breach of the lease. The lease obligates the tenant to pay monthly rent payments and additional rent (NYSCEF Doc Nos 58-59), yet the tenant failed to do from October 2020, onward (NYSCEF Doc No 62 [also indicating a cumulated outstanding balance of $42,139.47 as of October 2020]). Defendants do not deny this. Instead, they argue that they were unable to make payments due to the business interruptions and financial strain caused by the pandemic. However, even if true, this does not raise a material issue of fact as to whether they breached the lease, nor does it excuse the tenant's failure to perform (*Fives 160th, LLC v. Zhao*, 204 AD3d 439, 440 [1st Dept 2022] ["the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility"]). Accordingly, the part of plaintiff's motion seeking summary judgment on its claim against the tenant for breach of the lease will be granted, and the tenant will be liable for the rent and additional rent arrears totaling $205,333.86 at the time that plaintiff filed suit in October 2021.

Plaintiff argues that it is also entitled to rent payments from November 1, 2021 through October 31, 2022 because defendants failed to surrender the premises in compliance with the lease and guaranty, and therefore remained liable through the end of the lease term. Defendants respond that plaintiff is not entitled to any rental payments following the tenant's vacatur of the premises, citing the guaranty, which states that "if Tenant and all other occupants vacate the Demised Premises <u>at the time of the expiration or earlier termination of the Lease</u>, Guarantor will have no further obligation or liability under this Agreement accruing after such vacation" (NYSCEF Doc No 60, § C [emphasis added]). Thus, defendants appear to take the position that the lease was terminated early by virtue of their letter, dated September 3, 2021, informing

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**
**Motion No.  001**

**Page 4 of 8**

4 of 8

[* 4]

plaintiff that the tenant was vacating the premises that same day (NYSCEF Doc No 61). However, defendants do not identify any provision of the lease indicating that this is an acceptable method of terminating the lease before its expiration. Additionally, while defendants assert that plaintiff accepted the tenant's surrender (NYSCEF Doc No 64), they offer no evidence of such acceptance, nor do they submit the alleged "Surrender and Termination Agreement" referred to in their affirmation in opposition to plaintiff's motion (NYSCEF Doc No 64). Moreover, the lease specifies that "[n]o "act or thing done by Owner or Owner's agents during the term hereby demised shall be deemed an acceptance of a surrender or shall be valid unless in writing signed by Owner" (NYSCEF Doc No 58, § 25). Thus, plaintiff has made a prima facie showing that the lease remained in effect even after the tenant's vacatur, and defendants failed to present any evidence sufficient to raise an issue of fact as to whether the tenant terminated the lease before October 31, 2022.[4] Accordingly, plaintiff has established its entitlement to payments for the remainder of the lease term totaling $131,864.52.[5]

However, plaintiff incorrectly characterized its second cause of action as an *anticipatory* breach of the lease claim, whereas the tenant already breached the lease by failing to make the payments by the time plaintiff filed the instant motion. Accordingly, the part of plaintiff's motion seeking summary judgment on its anticipatory breach of the lease claim will be denied, but the $131,864.52 awarded in rent for the final year of the lease will be included in plaintiff's first cause of action.

---

[4] Defendants also do not raise an issue of fact by asserting that it is "inequitable" to charge them for rent after the tenant's vacatur. Indeed, as the lease specifically states, after early vacatur, plaintiff is under no obligation to mitigate its damages by re-letting the premises and may continue collecting rent (NYSCEF Doc No 58, §18).
[5] It is noted that plaintiff's entitlement to such payments stems from the fact that the rent continued to accrue monthly until the lease expired on October 31, 2022, and not from Article 18 of the lease.

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**                     **Page 5 of 8**
  **Motion No.  001**

5 of 8

Under the terms of the lease, the tenant is now also liable to plaintiff for attorneys' fees it incurred in bringing this action. The lease provides that "Tenant shall pay any and all attorneys' fees paid or incurred by Owner in connection with the enforcement of the obligations of Tenant under this lease against Tenant" (NYSCEF Doc No 58, § 48). Accordingly, plaintiff's third cause of action for attorneys' fees as against the tenant will be granted, and plaintiff will be given the opportunity to establish the amount owed.

ii.      *Causes of Action Against the Guarantor*

The viability of plaintiff's causes of action against the guarantor depends on the enforceability of NYC Admin Code § 22-1005 (the guaranty law), which renders guarantees for commercial leases for non-essential retail establishments impacted by the pandemic unenforceable where the default wholly or partially occurred between March 7, 2020 and June 30, 2021. The constitutionality of the guaranty law is currently being litigated in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020. Accordingly, the part of plaintiff's motion seeking summary judgment on its claims for breach and anticipatory breach of the guaranty, and for attorneys' fees, will be denied as against the guarantor, with leave to renew upon the First Department's final determination in *513 W. 26th Realty LLC*.

Motion to Dismiss

Plaintiff is entitled to have eight of defendants' nine affirmative defenses dismissed because, as plaintiff notes, they are conclusory, unsupported, or otherwise lacking merit. Specifically, defendants failed to demonstrate: (1) that the complaint failed to state a cause of action; (2) that the doctrines of waiver, estoppel, and laches apply to this action; (3) how plaintiff has unclean hands; (4) that plaintiff had any obligation to mitigate its damages; (5) how plaintiff failed to plead with particularity; (6) how plaintiff breached its contract; (7) how plaintiff failed

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**          **Page 6 of 8**
**Motion No.  001**

6 of 8

[* 6]

to perform its obligations; or (8) that the amounts sought by plaintiff are unsubstantiated (NYSCEF Doc No 8). Defendants may, however, reserve the right to assert additional defenses. Accordingly, the part of plaintiff's motion seeking to dismiss defendants' affirmative defenses will be granted, except with respect to the ninth defense.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the part of plaintiff's motion seeking summary judgment on its first cause of action for breach of the lease is granted as against defendant On Five; and it is thus

ADJUDGED that plaintiff 250 West 39th Street Inc. be awarded judgment and recover against defendant On Five for a total of $337,176.38 in rent and additional rent arrears due through the remainder of the lease term; and it is further

ORDERED that the part of plaintiff's motion seeking summary judgment on its second cause of action for anticipatory breach of the lease is denied as against defendant On Five; and it is further

ORDERED that the part of plaintiff's motion seeking summary judgment on its third cause of action for attorneys' fees is granted as against defendant On Five; and it is thus

ORDERED that within twenty days of entry of this order, plaintiff shall submit the amount of attorneys' fees and costs incurred in connection with its efforts to enforce defendant On Five's obligations under the lease; within fifteen days thereafter defendant On Five is to submit any objections to the fees and costs sought by plaintiff; submissions shall be submitted via NYSCEF and emailed to emcgovern@nycourts.gov; and it is further

ORDERED that the part of plaintiff's motion seeking summary judgment on its fourth, fifth, and sixth causes of action as against the guarantor is denied, with leave to renew upon the

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**
**Motion No.  001**

**Page 7 of 8**

7 of 8

First Department's final determination in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020; and it is further

ORDERED that the part of plaintiff's motion seeking dismissal of each of defendants' affirmative defenses is granted with respect to the first through eighth defenses and denied with respect to the ninth defense and thus defendants' first through eighth affirmative defenses are dismissed.

20240503140813PG0ETZ14178E38CD44B48F89ADFFBEE3F38772A

| 5/3/2024 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159818/2021   250 WEST 39TH STREET INC. vs. KIM, BOKYOUNG ET AL**
**Motion No.  001**

**Page 8 of 8**

8 of 8

[* 8]