Triad 11 E., LLC v Midoriya, Inc. (2023 NY Slip Op 02749)

Triad 11 E., LLC v Midoriya, Inc.

2023 NY Slip Op 02749

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 656077/21 Appeal No. 285 Case No. 2022-02861 

[*1]Triad 11 East, LLC, Plaintiff-Respondent,
v
Midoriya, Inc., et al., Defendants-Appellants.

Shi & Associates, New York (Edward Miller of counsel), for appellants.
Bernard D'Orazio & Associates, PC, New York (Steven G. Yudin of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 3, 2022, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Defendant tenant Midoriya, Inc. leased premises from plaintiff landlord for use as a grocery store and deli for a 10-year term beginning October 1, 2017 and ending September 30, 2027, and defendant guarantor Hiroyuki Hayashi signed a personal guaranty of the lease. Plaintiff seeks to recover, from both defendants, rent owed under the lease, alleging that the tenant defaulted on its rent payments as of December 2018 and vacated the premises in May 2021.
Defendants do not dispute that the complaint states a valid cause of action for unpaid and additional rent due under the lease, as well as for the attorneys' fees provided for in the lease. Nevertheless, they seek to dismiss the complaint based on Administrative Code of the City of New York § 22-1005, which suspended personal guarantor liability for commercial leases of certain tenants whose operations were impacted by COVID-19 executive orders. On their motion, defendants provided a copy of the lease and an affidavit by the guarantor, asserting, without supporting documentary evidence, that defendant tenant served food for on-premises consumption and that it was therefore required to either stop serving patrons food on the premises or cease operating in March 2020 under Governor Andrew Cuomo's Executive Order 202.3.
The lease and the affidavit, however, are insufficient to conclusively establish a defense based on documentary evidence, as Administrative Code § 22-1005 does not apply to commercial tenants, but only to personal guarantors. Thus, defendant tenant has raised no defense at all to the action (CPLR 3211[a][1]; see Leon v Martinez, 84 NY2d 83, 87 [1994]).
As for the action as against the guarantor, not only was his affidavit insufficient, but plaintiff submitted evidence in opposition tending to show that, as provided for in the lease, defendant tenant ran a grocery store and deli, which did not fall within the category of businesses covered by Administrative Code § 22-1005 or Executive Order 202.3 — that is, establishments that served food for consumption on the premises.
Defendants also contend that they should be excused from performance under the lease because of the COVID-19 pandemic. As this Court has previously held, however, the pandemic does not provide a basis to excuse a party's lease obligations on the grounds of impossibility (see Fives 160th LLC v Qing Zhao, 204 AD3d 439, 439-440 [1st Dept 2022]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 561-562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023