West 18th St. Venture, LLC v Allen (2025 NY Slip Op 02560)

West 18th St. Venture, LLC v Allen

2025 NY Slip Op 02560

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Index No. 654171/21|Appeal No. 4218|Case No. 2023-06071|

[*1]West 18th Street Venture, LLC, Plaintiff-Respondent,
v
Marcie Allen, Defendant-Appellant.

Pryor Cashman LLP, New York (Marion R. Harris of counsel), for appellant.
Sternbach, Lawlor & Rella LLP, New York (Todd Lawlor of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.) entered November 24, 2023, which granted plaintiff's motion for summary judgment on its first and second claims under the parties' lease guaranty, unanimously affirmed, with costs.
Plaintiff met its prima facie burden by proving "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015] [internal quotation marks omitted]). Defendant asserts that she raised a question of fact requiring denial of the motion because the tenant was required to close its performance venue at the premises under Executive Order 202.3, which prohibited gatherings of more than 50 people in attendance (Executive Order [A. Cuomo] No. 202.3 [9 NYCRR 8.202.3]). As a result, defendant maintains, plaintiff was prohibited from enforcing the lease guaranty against her under Administrative Code of City of NY § 22-1005 (the guaranty law), which prohibits the enforcement of a commercial lease guaranty against a natural person if the tenant's business was required to close under certain pandemic-related executive orders, including Executive Order 202.3.
Contrary to defendant's contention, the unsubstantiated statement in her affidavit that the premises were used as a performance venue and therefore that its closure fell within the guaranty law was insufficient to raise a question of fact requiring denial of the motion (see Triad 11 E., LLC v Midoriya, Inc., 216 AD3d 540, 541 [1st Dept 2023]). A bare assertion in an affidavit, without supporting evidence, that the tenant's business was required to cease operations under the relevant executive orders is insufficient to raise a question of fact as to the application of the guaranty law, particularly where, as here, that alleged use is not permitted by the lease (id; see also 373-381 PAS Assoc., LLC v Ideko Prods., LLC, 214 AD3d 401, 401 [1st Dept 2023]). Here, article 2 of the lease permitted the tenant to use the premises "for executive, administrative and general offices for marketing/music sponsorship company . . . and for no other purpose." Because the record is devoid of evidence beyond defendant's assertion that the premises were used as a performance venue, the motion court properly determined that the guaranty law did not apply as a matter of law (id.).
Defendant also did not present a basis for denial of plaintiff's motion under CPLR 3212(f) to permit her to seek discovery to establish her defense relating to the use of the premises, which was not raised in her answer (see Hariri v Amper, 51 AD3d 146, 152 [1st Dept 2008]).
We have considered and rejected defendant's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025