MORDECAI M. WILLSON, JR., Respondent, v. MARY S. EVELINE,
Appellant.

*Witness — an indictment, unaccompanied by proof of conviction, does not discredit.*

Proof that an indictment was found against a witness, not accompanied by evi-
dence of his conviction of the crime charged, is not competent to discredit him.

APPEAL by the defendant, Mary S. Eveline, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Saratoga on the 5th day of February,
1897, upon the verdict of a jury, and also from an order entered in
said clerk's office on the 18th day of February, 1897, denying the
defendant's motion for a new trial made upon the minutes.

*J. W. Atkinson*, for the appellant.

*Thomas O'Connor*, for the respondent.

HERRICK, J. :

There is a conflict of evidence in this case, and the court in pre-
senting it to the jury said : " There is a serious question of veracity
in the case which you will have to settle." There was a sharp con-
flict between the plaintiff, one of his witnesses, and the defendant,
and anything tending to impair the confidence of the jury in either,
therefore, became very important, and possibly decisive of the case.

Upon the trial the plaintiff offered in evidence an indictment
charging the defendant with assault in the third degree ; its admis-
sion was objected and excepted to by the defendant.

While it has been repeatedly held that the mere finding of an
indictment is not proof of the defendant's guilt, because the law pre-
sumes one innocent until he has been convicted, and while it has
also been held that, as matter of law, it is no impeachment of his
morality or veracity, still it is a matter that is calculated to impair
the confidence of the jury in the character of the person charged,
and in a closely contested case I can scarcely see how it is possible
that the party against whom it is offered should not be injured by
its reception in evidence. Its only effect can be to discredit the per-
son charged ; and while a witness may be discredited by showing his
conviction of a crime, he cannot be by merely showing that he has

been indicted, and evidence to that effect is improper. (*Van Bokkelen* v. *Burdell*, 130 N. Y. 141, 145, and cases cited.)

Without discussing the other questions raised in the case, but for the error stated, the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed, new trial granted, costs to abide the event.