| |
|---|
| **American Tr. Ins. Co. v Rutland Med., PC** |
| 2024 NY Slip Op 30019(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650019/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. JUDY H. KIM | PART | 05RCP |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

                Petitioner,

- v -

RUTLAND MEDICAL, PC,A/A/O DENISHA WALLS,

                Respondent.

-----------------------------------------------------------------------X

| INDEX NO. | 650019/2023 |
|---|---|
| MOTION DATE | 03/28/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing papers, Petitioner's motion to vacate the Master Arbitration Award is denied for the reasons set forth below.

This action arises from a motor vehicle accident on June 27, 2018 in which Respondent's assignor, Denisha Walls, sustained injuries. Respondent sought first-party no-fault benefits reimbursement from Petitioner in the amount of $1,081.63 as reimbursement for medical treatment between August 1, 2017 through November 28, 2018, which claims were denied. These claims were submitted to arbitration and on July 22, 2022 Arbitrator Linda Filosa issued an award in favor of Respondent, which was affirmed by a Master Arbitrator Victor J. Hershdorfer on October 25, 2022 (the "Award").

Petitioner now seeks to vacate the Award pursuant to CPLR §7511(b)(1)(i) arguing that it was prejudiced by corruption, fraud and misconduct in procuring the Award insofar as a Federal indictment (issued on January 11, 2022 and unsealed a day later) alleges that the owners of respondent—i.e., Bradley Pierre, Marvin Moy, William Weiner, Andrew Prime, and Arthur

**650019/2023   AMERICAN TRANSIT INSURANCE COMPANY, vs. RUTLAND MEDICAL, PC, A/A/O DENISHA WALLS,**
**Motion No. 001**

**Page 1 of 4**

1 of 4

Bogoraz—participated in a criminal scheme to exploit insurance programs designed to protect motor vehicle accident victims from at least in or about 2008 up to and including in or about 2021 by using medical professional corporations they owned and controlled to, inter alia bill insurance companies for unnecessary and excessive medical treatments and falsify clinical findings of injuries in MRIs.

Respondent opposes the Petition and cross-moves to confirm the arbitration award and seeks attorney's fees related its opposition to the petition, pursuant to 11 NYCRR 65-4.10(j)(4).

## DISCUSSION

"Judicial review of arbitration awards is extremely limited" (O'Neill v GEICO Ins. Co., 162 AD3d 776, 777-78 [2d Dept 2018] [internal citations and quotations omitted]). "Where, as here, there is compulsory arbitration involving no-fault insurance, the standard of review is whether the award is supported by evidence or other basis in reason. This standard has been interpreted to mean that the relevant test is whether the evidence is sufficient, as a matter of law, to support the determination of the arbitrator, is rational and is not arbitrary and capricious" (Miller v Elrac, LLC, 170 AD3d 436, 436-37 [1st Dept 2019] lv to appeal denied, 33 NY3d 907 [2019]) citing Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]). "Although compulsory arbitration awards are subject to a broader scope of review than awards resulting from consensual arbitration, the scope of judicial review of such an arbitration award is still limited to whether the award is supported by the evidence or other basis in reason as appears in the record" (Id.).

No grounds for vacatur have been presented here. To the extent petitioner relies upon the Federal indictment to argue for vacatur pursuant to CPLR §7511(b)(1)(i), an indictment is not proof of fraud (See Willson v Eveline, 35 AD 92, 92 [3d Dept 1898] ["the mere finding of an indictment is not proof of the defendant's guilt"]) and, more importantly, the Court cannot consider

**650019/2023   AMERICAN TRANSIT INSURANCE COMPANY, vs. RUTLAND MEDICAL, PC, A/A/O**          **Page 2 of 4**
**DENISHA WALLS,**
**Motion No.  001**

2 of 4

[* 2]

this argument as the awards reflect that this argument was not raised before the arbitrators (See Country-Wide Ins. Co. v Booth Med. Services, P.C., 2022 WL 1016822 [Sup Ct, NY County 2022] [internal citations omitted]; see also Gaspard v Am. Tr. Ins. Co., 157 AD2d 543, 544 [1st Dept 1990] [arguments precluded by respondent's failure to raise them in timely appeal to master arbitrator]). Accordingly, the Court denies the Petition and grants respondent's cross-petition to confirm the Award (CPLR §7511[e]).

Respondent's request for attorneys' fees pursuant to 11 NYCRR §65-4.10(j)(4) is also granted. Petitioner's argument that these attorney's fees are to be capped pursuant to 11 NYCRR § 65-4.6(d) has no foundation in law (See e.g., Country-Wide Ins. Co. v Advantage Med Innovations, Inc., 2021 NY Slip Op 30418[U], 3 [Sup Ct, NY County 2021]; Country-Wide Ins. Co. v Fifth Ave. Surgery Ctr., 2020 NY Slip Op 33999[U], 9 [Sup Ct, NY County 2020]). Respondent is directed to serve an affirmation setting forth its reasonable attorney's fees in defending this action within thirty days from the date of this decision, order, and judgment.

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that the petition is hereby denied and dismissed; and it is further

**ORDERED** and **ADJUDGED** that the cross-petition to confirm the Master Arbitration Award is granted; and it is further

**ORDERED** that respondent Rutland Medical, PC, having an address at 145 East 98th Street, Brooklyn, New York 11212, shall recover from petitioner American Transit Insurance Company, having an address at One Metro Tech Center, 7th Fl. Brooklyn, NY 11201, the amount of $1,081.63, plus interest at the rate of 9% per annum from the date of July 22, 2022, as computed by the Clerk in the amount of $ _____, together with costs and disbursements in the

**650019/2023   AMERICAN TRANSIT INSURANCE COMPANY, vs. RUTLAND MEDICAL, PC, A/A/O**          **Page 3 of 4**
**DENISHA WALLS,**
**Motion No.  001**

3 of 4

amount of $_____ as taxed by the Clerk, for the total amount of $_____, and that the respondent have execution therefor; and it is further

**ORDERED** that respondent shall submit an affirmation setting forth their reasonable attorneys' fees in defending this action within thirty days, and it is further

**ORDERED** that, within twenty days from entry of this decision, order, and judgment respondent shall serve a copy of this decision, order, and judgment, with notice of entry on petitioner as well as and on the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of the Court (60 Centre Street, Room 141B); and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

| 1/2/2024 | | | | | HON. JUDY H. KIM, J.S.C. |
| DATE | | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**650019/2023   AMERICAN TRANSIT INSURANCE COMPANY, vs. RUTLAND MEDICAL, PC, A/A/O**    **Page 4 of 4**
**DENISHA WALLS,**
**Motion No.  001**

4 of 4

[* 4]